IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NORMAN IP HOLDINGS, LLC, § <br> § <br> Plaintiff, § <br> § Civil Action No. 6:13-cv-398 <br> v. § <br> § <br> HONEYWELL INTERNATIONAL, INC., § **Jury Trial Demanded** <br> § <br> Defendant. § <br> § | |

## ORIGINAL COMPLAINT

Norman IP Holdings, LLC ("Norman"), by and through its attorneys, for its Original Complaint against Defendant Honeywell International, Inc. ("Honeywell" or "Defendant"), hereby alleges as follows:

### I.   NATURE OF THE ACTION

1. This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff Norman's patented inventions.

2. Norman is owner of all right, title, and interest in and to: United States Patent No. 5,530,597 (the "'597 Patent"), issued on June 25, 1996, for "Apparatus and Method for Disabling Interrupt Masks in Processors or the Like"; United States Patent No. 5,502,689 (the "'689 Patent"), issued March 26, 1996, for "Clock Generator Capable of Shut-Down Mode and Clock Generation Method"; United States Patent No. 5,592,555 (the "'555 Patent"), issued January 7, 1997, for "Wireless Communications Privacy Method and System"; and United States Patent No. 5,608,873 (the "'873 Patent"), issued March 4, 1997, for "Device and Method for

Interprocessor Communication Using Mailboxes Owned by Processor Devices" (also referred to hereinafter as the "Patents"). A true and correct copy of the Patents are attached hereto as Exhibit No. 1 ('597 Patent), Exhibit No. 2 ('689 Patent), Exhibit No. 3 ('555 Patent), and Exhibit No. 4 ('873 Patent).

3. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others, including their customers, who directly infringe the Patents.

4. Plaintiff Norman seeks injunctive relief to prevent Defendant from continuing infringement of Plaintiff's valuable patent rights. Plaintiff Norman further seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patents.

5. This is an exceptional case, and Norman is entitled to damages, enhanced damages, attorneys' fees, costs, and expenses.

## II. THE PARTIES

6. Plaintiff Norman is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 E. Ferguson, Suite 900, Tyler, Texas 75702.

7. Upon information and belief, Honeywell International, Inc. is a Delaware corporation with its principal place of business located at 101 Columbia Road, Mailstop – M6/LM, Morristown, NJ 07962. Upon information and belief, Honeywell International Inc. is authorized to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234 as its agent for service of process.

## III. JURISDICTION AND VENUE

8. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400.

## IV. PLAINTIFF'S PATENTS

10. The '597 Patent teaches an interrupt enable circuit to enable and disable the interrupt at any time except under certain conditions, at which time the system can override the interrupt mask. Electronic devices practicing the inventions claimed in the '597 Patent, such as digital cameras, can exit certain processes or states without using a hardware reset and thus protect against unnecessary information loss. Further, through the use of the inventions claimed in the '597 Patent, such electronic devices can prevent situations where the processor is locked in a certain state because all interrupts were masked by software when the processor entered such state.

11. The '689 Patent discloses a clock generator and interrupt bypass circuit for use in reducing the power consumption of the electrical system in which they are implemented. The clock generator may provide module clock signals for sequencing modules within the same electrical system, and is capable of generating those module clock signals when in an active mode, and of not generating those module clock signals when in a stand-by mode. The clock generator is further capable of providing a delay of a predetermined length from a request to enter shut-down mode to actual entry into shut-down mode, allowing time to prepare the electrical system for shut-down mode. The interrupt bypass circuit may provide a means of leaving shut-down mode in the event that the relevant interrupt requests have been masked.

12. The '555 Patent discloses a system and method for processing and securing communication signals over a wireless communications network. An enciphering algorithm may be programmatically selected and applied to the signals for secure transmission.

13. The '873 Patent discloses a device and method for providing inter-processor communication in a multi-processor architecture. A post office RAM has a plurality of mailboxes. Each mailbox is write accessible by one port, but is read-accessible by the other ports. Thus, a processor device on a port has write-access to one mailbox, but can read the other mailboxes in the post office. A transmitting processor communicates with a receiving processor, by utilizing the post office. The transmitting processor writes information into its own mailbox, and signals a receiving processor. The receiving processor determines which of the processor devices signaled it, and reads the information in the transmitting processor's mailbox.

14. Norman has obtained all substantial right and interest to the Patents, including all rights to recover for all past and future infringements thereof.

## V.    LICENSING RELATED TO THE PATENTS

15. On February 1, 2010, Saxon Innovations, LLC ("Saxon") assigned to Norman IP Holdings LLC all right, title, and interest in the Patents.

16. Norman's business includes acquisition and licensing of intellectual property. In that regard, Norman and its predecessors in interest have licensed the Patents to dozens of Fortune 500 companies, directly and indirectly. Norman has also entered into numerous settlement agreements in connection with litigation in the Eastern District of Texas and in the International Trade Court.

## VI.    DEFENDANT'S ACTS

17. Honeywell manufactures, provides, sells, offers for sale, and/or distributes

infringing systems.  Examples of infringing products include Honeywell's home security, adapters, mobile computers, GPS, and thermostats with wireless functionality compliant with IEEE 802.15.4, IEEE 802.11, 3GPP, CDMA, and 4G LTE security standards (*e.g.*, those incorporating Broadcom, Redpine, Qualcomm, and Texas Instruments wireless chipsets).  Additionally of relevance are products with embedded processors (*e.g.*, ARM9, ARM11, Cortex-A and Cortex-M, PowerPC, or MIPS32) and multicore-SOCs using such processors (*e.g.*, TI OMAP family); and all substantially similar products.  With knowledge of the Patents, Honeywell provides related services, specifications, and instructions for the installation and infringing operation of such systems to its customers, who directly infringe.

18. The foregoing infringing products include embedded processors.  Honeywell specifies use of processors having certain power consumption and memory utilization characteristics.  The subject processors are designed and manufactured to operate in a manner which reduces power consumption and streamlines memory utilization and infringes the '689 Patent, '597 Patent, and '873 Patent.  Honeywell installs those processors so as to operate in an infringing manner.  The infringing systems have no substantial non-infringing uses.

19. With respect to the '555 Patent, Honeywell intentionally implements relevant provisions of the IEEE 802.11 specification.  Honeywell specifies wireless controllers that are compliant with IEEE 802.11.  The subject controllers are designed and manufactured to operate in a manner which infringes the '555 Patent during normal operation.  Honeywell installs those controllers so as to operate in an infringing manner.  The infringing controllers have no substantial non-infringing uses.

20. Honeywell has had knowledge of the Patents at least since its having been served written notice on March 13, 2013.

21. With knowledge of the Patents, Honeywell has provided and continues to provide related services, specifications, and instructions for the installation and infringing operation of such systems to the customers of its products, who directly infringe through the operation of those products.

22. With knowledge of the Patents, Honeywell has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by customers in the Eastern District of Texas.

23. Through its actions, Honeywell has infringed the Patents and actively induced others to infringe and contributed to the infringement by others of the Patents throughout the United States.

24. Norman has been and will continue to suffer damages as a result of Defendant Honeywell's infringing acts unless and until enjoined.

## VII. WILLFULNESS

25. Plaintiff Norman alleges upon information and belief that Defendant Honeywell has knowingly or with reckless disregard willfully infringed the Patents. Defendant was been provided written notice of infringement of the Patents on March 13, 2013. Defendant acted with knowledge of the Patents and despite an objectively high likelihood that their actions constituted infringement of Norman's valid patent rights.

26. This objectively-defined risk was either known or so obvious that it should have been known to Defendant. Norman seeks enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,530,597

27. Plaintiff Norman realleges and incorporates herein paragraphs 1–26.

28. Defendant has infringed the '597 Patent.

29. Defendant has indirectly infringed the '597 Patent by inducing the infringement of the '597 Patent and contributing to the infringement of the '597 Patent.

30. Upon information and belief, Defendant has jointly infringed the '597 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

31. Defendant's aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,502,689

32. Plaintiff Norman realleges and incorporates herein paragraphs 1–26.

33. Defendant has infringed the '689 Patent.

34. Defendant has indirectly infringed the '689 Patent by inducing the infringement of the '689 Patent and contributing to the infringement of the '689 Patent.

35. Upon information and belief, Defendant has jointly infringed the '689 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

36. Defendant's aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,592,555

37. Plaintiff Norman realleges and incorporates herein paragraphs 1–26.

38. Defendant has infringed the '555 Patent.

39. Defendant has indirectly infringed the '555 Patent by inducing the infringement of the '555 Patent and contributing to the infringement of the '555 Patent.

40. Upon information and belief, Defendant has jointly infringed the '555 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

41. Defendant's aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## COUNT FOUR
## PATENT INFRINGEMENT—U.S. PATENT NO. 5,608,873

42. Plaintiff Norman realleges and incorporates herein paragraphs 1–26.

43. Defendant has infringed the '873 Patent.

44. Upon information and belief, the Defendant jointly infringed the '873 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

45. The Defendant's aforementioned acts have caused damage to Norman and will continue to do so unless and until enjoined.

## VII.   JURY DEMAND

46. Plaintiff Norman hereby demands a jury on all issues so triable.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Norman respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the Patents literally and/or under the doctrine of equivalents;

B. Permanently enjoin Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patents;

C. Award Plaintiff Norman past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

D. Declare this case exceptional pursuant to 35 U.S.C. §285; and

E. Award Plaintiff Norman its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: May 13, 2013

By: /s/ Adam G. Price
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Chester J. Shiu
Texas State Bar No. 24071126
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627